REDMANN, Judge.
We granted certiorari on a refusal of summary judgment to dismiss a petitory action because not brought against one “who is in possession or who claims the ownership” of land, La.C.C.P. 3651, on defendant subdivider’s representation that it neither possesses nor claims.
On a prior application in this case seeking review of judgment dismissing exceptions we pointed out that the exception of no cause of action could not present defendant’s factual position, although a motion for summary judgment could.
Summary judgment, however, is obtainable only on a showing of no genuine issue of material fact, C.C.P. 966. Affidavits to make such a showing must be “made on personal knowledge,” C.C.P. 967. We hold that testimony (here, on an earlier hearing on exceptions) must also be of personal knowledge in order to oblige the respondent to submit counter-affidavits. Here, there is hearsay testimony from a title abstracter and from a member of defendant’s accounting staff. Those witnesses do not have personal knowledge that any one part, much less the many lots and streets, have been disposed of. Nor were the acts of sale and of dedication of streets made part of the motion. (Furthermore, it appears that some lots may have been disposed of after this action was filed.)
Although defendant’s pleadings might be construed as a judicial waiver of any possession or claim to title, plaintiffs (if they be the owners) are entitled to a judgment against defendant on any property it may still have record title to, in order to clear up their title in the public records.
Accordingly refusal of summary judgment on the petitory action was correct.[1]
Affirmed.

. In view of our conclusion concerning the peti-tory action, we deem it inappropriate at this time to review the correctness of the refusal of summary judgment on the claim for damages.